**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| PHILLIP TURNER | § | |
| | § | |
| V. | § | A-13-CV-163-LY |
| | § | |
| WILLIAM STEPHENS, Dir., TDCJ-CID[1] | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates. Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 7); and Petitioner's response thereto (Document 8). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas, in

---

[1]The previous named respondent in this action was Rick Thaler. On June 1, 2013, William Stephens succeeded Thaler as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens is automatically substituted as a party.

cause number 09-1304-K277. Petitioner was charged by indictment with felony DWI, with a deadly weapon notice and an additional prior felony conviction alleged for sentence enhancement purposes. Following trial, on July 30, 2010, the jury found Petitioner guilty of felony DWI, with a deadly weapon used or exhibited. Thereafter, Petitioner pleaded true to the enhancement paragraph, and the jury sentenced him, as an habitual offender, to 43 years' imprisonment.

Petitioner's conviction was affirmed on August 5, 2011, after appellate counsel filed an Anders brief and Petitioner filed no pro se brief. Turner v. State, No. 03-10-0054-CR, 2011 WL 3435390 (Tex. App. – Austin 2011, no pet.). Petitioner did not file a petition for discretionary review. He did, however, challenge his conviction in a state application for habeas corpus relief. Ex parte Turner, No. 78,624-01 at 5-128. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on January 16, 2013. Id. at cover.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. There was insufficient evidence to support his conviction;

2. The trial court abused its discretion in admitting the results of the horizontal gaze nystagmus (HGN) test;

3. The blood sample in this case was obtained in violation of statutory law and is inadmissible;

4. Trial counsel was ineffective because:

    a. counsel filed a motion to suppress the blood draw evidence but failed to argue that a statutorily unqualified official performed the procedure;

    b. counsel failed to argue that the HGN test was not administered in accordance with the NHTSA training manual; and

        c.     counsel failed to argue against a deadly weapon finding at trial; and

    5.     Appellate counsel was ineffective because he filed an <u>Anders</u> brief.

**C.**     **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the ineffective assistance of counsel claims. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings. Respondent does argue, however, that Petitioner's remaining claims are procedurrally barred.

## DISCUSSION AND ANALYSIS

**A.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. <u>See</u> <u>Harrington v. Richter</u>, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id.  Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id.  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000)).  The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions

4

as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.   Procedural Default**

Petitioner challenged the sufficiency of the evidence in his state application for habeas corpus relief. The trial court concluded Petitioner's claim was not cognizable on habeas corpus review. Ex parte Turner, No. 78,624-01 at 183. The Court of Criminal Appeals denied Petitioner's application on the findings and conclusions of the trial court. Id. at cover. The Court of Criminal Appeals has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be

5

raised in a state habeas proceeding. West v. Johnson, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996), cert. denied, 520 U.S. 1242 (1997); Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App.1994).

Petitioner also argued in his state habeas application that the trial court abused its discretion in admitting the results of the HGN test and that the blood sample in his case was inadmissible. The state habeas court concluded both of Petitioner's claims were record-based claims, which should have been raised on direct appeal. Id. at 183-84. See, e.g., Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (finding that failure to raise an issue on direct appeal bars consideration of that issue under habeas corpus proceedings).

"A federal habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.'" Brewer v. Quarterman, 466 F.3d 344 (5th Cir. 2006) (quoting Busby v. Dretke, 359 F.3d 708, 718 (5th Cir. 2004)). In this case, the state habeas court explicitly found Petitioner should have raised his challenges to the HGN test and the admissibility of the blood sample in his direct appeal and concluded he is procedurally barred from raising the issues by way of habeas corpus. The state habeas court also explicitly found Petitioner's sufficiency of the evidence claim was not cognizable on habeas corpus review. As a result, Petitioner's challenges are procedurally barred from being raised in a federal habeas corpus proceeding.

Nevertheless, a federal court may consider the merits of a procedurally defaulted claim if the petitioner shows "cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, ___ U.S. ___, ___, 132 S. Ct. 1309, 1316 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). In this case, Petitioner alleges his appellate counsel's ineffectiveness is cause for his procedural default. However, as explained below, appellate counsel was not ineffective and

6

Petitioner has made no showing that a failure to address the merits of the federal claims would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his claims that the evidence was insufficient, the trial court abused its discretion in admitting the results of the HGN test, and the blood sample was inadmissible.

**C.     Blood Draw**

In addition to arguing the blood draw was inadmissable, Petitioner argues the blood sample was obtained in violation of state statutory law. Specifically, Petitioner argues the blood sample Officer Skaggs drew "on receipt of warrant" was obtained in violation of statutory law because Officer Skaggs testified he had been a certified phlebotomist for four months and had completed about twenty blood draws prior to drawing Petitioner's blood.

As explained by Respondent, Petitioner's claim is not cognizable on federal habeas review. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67–68, (1991) (holding complaints regarding the admission of evidence under California law did not present grounds for federal habeas relief absent a showing that admission of the evidence in question violated due process); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (recognizing federal habeas relief will not issue for errors of state law); Pulley v. Harris, 465 U.S. 37, 41 (1984) (holding a federal court may not issue the writ on the basis of a perceived error of state law). In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. Estelle v. McGuire, 502 U.S. at 67–68; Lewis v. Jeffers, 497 U.S. at 780; Pulley v. Harris, 465 U.S. at 41. When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the petitioner is "in custody in violation

of the Constitution or laws or treaties of the United States." Petitioner's allegations do not raise a valid federal habeas claim.

**D.    Ineffective Assistance of Trial Counsel**

In his next ground for relief, Petitioner argues that he was denied effective assistance of counsel. Specifically, Petitioner argues trial counsel was ineffective because: (1) he filed a motion to suppress the blood draw evidence but failed to argue that a statutorily unqualified official performed the procedure; (2) he failed to argue that the HGN test was not administered in accordance with the NHTSA training manual; and (3) he failed to argue against the deadly weapon finding at trial. Petitioner raised this same issue in his state application for habeas corpus relief. The state courts rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668  (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687.

As explained by Respondent, the record in this case demonstrates counsel carefully considered and strategically dealt with issues surrounding the blood draw, including moving to suppress the blood sample, fully litigating the sample's admissibility during the pre-trial suppression hearing and, upon his motion to suppress being overruled, throughly cross-examining the involved officers at trial. 3 RR 4-6; 7 RR 4-7; 8 RR 72-124, 159-164, 167-168, 209; 9 RR 88-90. In addition, Petitioner continues to argue the person who drew his blood was not qualified to do so pursuant to section 724.017(a) of the Transportation Code. However, this section only applies to blood draws

9

where there is no warrant. It is undisputed in Petitioner's case that his blood was drawn pursuant to a search warrant.

The record also shows counsel vigorously cross-examined Officer Robbins, thoughtfully questioning him about his administration of the HGN test, 9 RR 101-104, as well as the other field sobriety tests he conducted prior to arresting Petitioner. 9 RR 85-122, 128. The record also makes clear counsel argued against the deadly weapon finding during his closing argument. 9 RR 186-187. Moreover, trial counsel provided the state habeas court with his affidavit explaining:

> In preparing for trial, I recognized that the best means of attacking the State's case was to challenge the blood draw. I researched the issue for at least forty hours and drafted a motion to suppress detailing my theory that the person who drew Mr. Turner's blood was not qualified to do so. The motion was set for a hearing and we thoroughly litigated the issue. On cross-examination, I confronted the EMT with his lack of experience in drawing blood and drew similarities to the closest caselaw on point in which the Court denied the admission of blood evidence. Despite the caselaw I presented and arguments to the Court, at the close of the hearing, the Court denied the motion to suppress.
>
> In his writ application, Mr. Turner seems to imply that I did not challenge the State's allegation that Mr. Turner used or exhibited a deadly weapon during the commission of the offense. However, I did argue to the jury that they should not find a deadly weapon. Specifically, I explained to the jury that while a collision occurred in this case, there was minimal damage and it was not serious. Still, the fact that there was a collision was difficult to overcome.
>
> I represented Mr. Turner to the best of my ability and even though I have vast experience in trying DWI cases, I brought Russ Hunt, an attorney who specializes in felony trials and appeals on to assist me in this case. I also petitioned the Court for, and was granted, additional fees to hire an expert regarding a possible Retrograde Extrapolation defense. I spent, many, many hours preparing for trial in this case and the Court recognized my efforts and it approved of the way I tried this case on the record during trial.

Ex parte Turner, No. 78,624-01 at 185. The trial court found trial counsel's affidavit to be true and credible. Id. at 181. The state court considered and rejected Petitioner's allegations and found

Petitioner's claims were all refuted by the record. The state habeas court concluded Petitioner failed to show his attorney's performance was deficient or that he was prejudiced thereby. Id. at 183. The Court of Criminal Appeals adopted the state habeas courts findings and conclusions and denied Petitioner's application for habeas corpus relief.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**E.      Ineffective Assistance of Appellate Counsel**

In his final ground for relief, Petitioner argues he was denied effective assistance of appellate counsel. Specifically, Petitioner alleges counsel filed an Anders brief and incorrectly argued there were no arguable issues for appeal. Petitioner asserts appellate counsel previously filed a motion for new trial, arguing the judgment was contrary to the law and evidence and that the verdict was excessive in view of the evidence and the offense charged. Petitioner questions how appellate counsel could make these claims in his motion for new trial and then file an Anders brief stating the record shows no errors.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. Const. amend. VI, XIV; Evitts v. Lucey, 469 U.S. 387, 393-95, (1985); Strickland, 466 U.S. at 688; Anders v. California, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in Strickland, 466 U.S. at 668. See also Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001) (applying the Strickland standard to

ineffective assistance claims against appellate counsel). As explained earlier, to establish ineffective assistance of counsel Petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. Strickland, 466 U.S. at 688. To show prejudice, a petitioner must show that, but for appellate counsel's performance, there is a reasonable probability he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000).

Petitioner has not identified any issue which, if raised on appeal, would have resulted in the reasonable probability of Petitioner prevailing on appeal. The evidence in this case was certainly sufficient to support Petitioner's conviction. The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. United States v. Leahy, 82 F.3d 624, 633 (5th Cir. 1996). To establish that a person has committed the offense of driving while intoxicated, the State must prove that the person was: (1) intoxicated; (2) while operating a motor vehicle; (3) in a public place. See TEX. PENAL CODE ANN. § 49.04(a); White v. State, 412 S.W.3d 125, 128 (Tex. App.– Eastland 2013, no pet.).

In Petitioner's case, a vehicle was stalled in the roadway in Williamson County. A DPS trooper pulled in behind the stalled vehicle to assist the driver. Petitioner stopped behind the trooper. Petitioner then pulled into traffic to the left of the trooper and ran into a car, pushing the car up on

the curb and popping the tires on the driver's side. The car was totaled. Petitioner did not stop and instead drove through a light at an intersection and kept driving. The DPS trooper followed Petitioner and initiated a stop. According to the trooper, Petitioner exited the vehicle not wearing a shirt or shoes and smelling of alcohol. The trooper administered field sobriety tests and determined Petitioner was intoxicated. A search warrant was obtained to draw Petitioner's blood. Petitioner's blood alcohol level subsequently tested at 0.15 grams per hundred milliliters of whole blood.

Petitioner also would not have prevailed on appeal had he challenged the HGN test or the blood sample. The HGN test was not the only test used to determine Petitioner's sobriety. In addition, as explained above, section 724.017(a) of the Transportation Code did not apply to Petitioner, because his blood was drawn pursuant to a warrant. More importantly, on state habeas review, the state court found and concluded:

> Applicant's claim that his appellate attorney was ineffective for finding an Anders brief is without merit because both appellate counsel and the Third Court of Appeals certified and held that there were no issues to appeal in Applicant's case. Therefore, Applicant is unable to show his attorney's performance was deficient for failing to file a frivolous brief. Strickland v. Washington, 466 U.S. 668 (1984). In addition, Applicant has failed to show that the outcome of his appeal would have been different had counsel filed a brief alleging frivolous grounds. Id. Consequently, relief should be denied.

Ex parte Turner, No. 78,624-01 at 183. As mentioned above, the Court of Criminal Appeals adopted the state habeas court's findings and conclusion and denied Petitioner's state application. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)

(citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of April, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE